IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:26 CR 154 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| DUSTIN YOUNG, | ) | |
| | ) | |
| Defendant. | ) | PRELIMINARY ORDER OF FORFEITURE |

The United States of America has filed a Motion for a Preliminary Order of Forfeiture in the above captioned case.

1. On April 1, 2026, the Grand Jury returned a four-count indictment against Dustin Young, charging him with drug and firearm violations.

2. The indictment further sought forfeiture, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), of the following:

a. a Sarsilmaz, model B6C, 9mm caliber pistol, bearing serial number T1102-17G01084;

b. a Mossberg, .22 caliber rifle;

c. a Bushmaster, model XM15-E2S, .223/5.56 caliber rifle, bearing serial number LBM17553;

d. a Ruger, model American, .45 caliber pistol, bearing serial number 861-42917; and

e. a Masterpiece Arms, model MPA Defender, 9mm caliber pistol, bearing serial number FX08280.

3. On May 28, 2026, at a change of plea hearing, Dustin Young entered guilty pleas to two controlled substance offenses and two firearms offenses charged in the indictment and he agreed to the forfeiture of the above firearms, as they were involved or used in, the criminal activity pled to, and/or were used, or intended to be used, in any manner or part to commit or facilitate the commission of the criminal activity pled to; and are, therefore, subject to forfeiture.

4. The Court's jurisdiction in this matter is founded upon 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

18 United States Code, Section 924(d)(1) provides:

> "Any firearm or ammunition involved in or used in any knowing violation of subsection . . . (g) . . . of section 922 . . . shall be subject to seizure and forfeiture . . .."

28 United States Code, Section 2461(c) provides:

> (c) if any person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure. If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case pursuant to the Federal Rules of Criminal Procedure....

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. The United States is hereby authorized to seize the following properties, and they are hereby forfeited pursuant to Fed. R. Crim. P. 32.2(b)(2)(A), 18 U.S.C. § 924 and 28 U.S.C. § 2461(c), to the United States for disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(n) [as incorporated by 28 U.S.C. § 2461(c)]:

a. a Sarsilmaz, model B6C, 9mm caliber pistol, bearing serial number T1102-17G01084;

b. a Mossberg, .22 caliber rifle;

c. a Bushmaster, model XM15-E2S, .223/5.56 caliber rifle, bearing serial number LBM17553;

d. a Ruger, model American, .45 caliber pistol, bearing serial number 861-42917; and

e. a Masterpiece Arms, model MPA Defender, 9mm caliber pistol, bearing serial number FX08280.

2. The above firearms are hereby forfeited pursuant to Fed. R. Crim. P. 32.2(b)(2)(A), 18 U.S.C. § 924 and 28 U.S.C. § 2461(c), to the United States for disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(n) [as incorporated by 28 U.S.C. § 2461(c)].

3. Pursuant to 21 U.S.C. § 853(n)(1), the United States forthwith shall publish, on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, notice of this Order, notice of the United States Marshal's intent to dispose of the forfeited property in such manner as the Attorney General may direct, and notice that any person, other than Defendant Dustin Young, having or claiming a legal interest in the forfeited property, must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of any actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the forfeited property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, and any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the forfeited subject property, as a substitute for published notice as to those persons so notified.

4. Upon adjudication of any and all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n).

IT IS SO ORDERED this 23 day of June, 2026.

s/ John R. Adams

JOHN R. ADAMS
UNITED STATES DISTRICT COURT JUDGE
NORTHERN DISTRICT OF OHIO