IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>DUSTIN YOUNG,<br>Defendant | CASE NO. 1:26-CR-00154-JRA<br><br>JUDGE JOHN R. ADAMS<br><br>SENTENCING MEMORANDUM |

Now comes Dustin Young, defendant herein, and moves this Honorable Court for a variance from the stipulated Sentencing Guidelines calculated to a sentence not exceeding 151 months. Attached Brief incorporated as if fully rewritten herein. Mr. Young's extremely dysfunctional childhood, which led to significant substance abuse, mental health issues, and his limited educational background, has served as the proving ground for his criminal lifestyle.

Although a prison sentence is appropriate for Mr. Young, the time ordered to be served should be reduced because he was in essence raised to commit crimes and his current lifestyle reflects the negative values embedded in his youth. Therefore, we respectfully request this Honorable Court for a sentence not to exceed 151 months with the Drug Rehabilitation Program (RDAP), mental health counseling, and a recommendation of vocational training.

*S/Wesley A. Dumas, Sr.*
WESLEY A. DUMAS, SR.
ATTORNEY FOR DEFENDANT
OHIO BAR REG. NO. 0009004
P.O. BOX 43520
RICHMOND HTS., OHIO 44143
(216) 696.3833 TEL.
baberuth3@sbcglobal.net

CERTIFICATE OF SERVICE

A copy of the foregoing SENTENCING MEMORANDUM was sent to all parties herein via the Clerk of Court's electronic mailing system.

*S/Wesley A. Dumas, Sr.*
Wesley A. Dumas, Sr.
Attorney for Defendant

BRIEF IN SUPPORT OF MOTION

Dustin Young, defendant herein, was raised in a dysfunctional family culture which predictably caused him to follow a life of crime and negative living. Inasmuch that he is a product of his circumstances caution should be followed in rendering a sentence. Therefore, the dictates of *18 U.S.C. section 3553(a)* that the Court in making its determination of the sentence, shall consider the nature and circumstances of the offense, the history and circumstances of the defendant, the need for the sentence imposed, and the kinds of sentences available to render a sentence of 151 months.

The Presentence Report, hereinafter referred to as PSR at paragraph 87 finds that Mr. Young is a Career Offender with a Total Offense Level 29 and Criminal History Category VI. Those calculations produce a possible sentence of 211 months to 248 months or roughly 17.5 years to 20.6 years imprisonment and are consistent with the stipulations contained in the Plea Agreement, Doc # 31. Recognizing the severity of the potential sentence, paragraph 14 of the Plea Agreement allows each party to recommend whatever sentence it believes is appropriate. Furthermore, the probation officer has identified the defendant's personal history and characteristics as potential grounds for a variance, PSR paragraph 114.

Both the PSR and Psychological Evaluation Report prepared by Dr. Deborah Koricke, Ph.D., provide substantial information concerning Mr. Young's background and personal history. Mr. Young was raised by a single mother until approximately age five years. Subsequently, he and his youngest siblings were removed from the home by Lorain County Children Services, possibly due to his mother's drug and alcohol issues. After a short stint in a foster home, he and his siblings went to live with his biological father. His father drank excessively and was physically abusive, beating Mr. Young and his younger brother frequently for minor indiscretions. He abandoned the family when Mr. Young was ten years old and he has not had contact with his father since that time. Dr. Koricke chronicled the physical abuse from his stepfather; beatings with a belt while naked and refusing to return their clothes after the "discipline"; and locking them in an unheated attic for one to two weeks at a time which required using a bucket for a toilet. Mr. Young returned to live with his biological mother after his father's abandonment, but her substance abuse continued and on occasion the utilities were shut off. Mr. Young and his brother were put out of the family home for hours at time, which was problematic and added to his negative rearing. He reportedly grew up in rough gang infested neighborhoods with violence/drug activity as well as personal assaults where he was victimized for no apparent reason.

Paragraphs 73-76 of the PSR report a long history of drug and alcohol usage for daily consumption of alcohol, Marijuana, Percocet, and Heroin with occasional use of Cocaine and Xanax. He reports drinking to the point of black outs to escape the mental anguish he was experiencing. Unfortunately, he has never had substance abuse treatment.

Mr. Young attended school until the (8th) grade and subsequently got his GED while in prison. He appears to have mental health issues, although prior to the psychological report these concerns were not formally diagnosed. The PSR notes depression and possible attention deficit hyperactivity disorder, anger issues and mood swings. Dr. Koricke diagnosed him under DSM 5 with 309.81 posttraumatic stress disorder, chronic and 296.33 major depressive disorder, recurrent, moderate. His work history is spotty without any long-term employment which is consistent with his educational deficits, personal history, mental health issues, and significant substance abuse.

Any sentencing inquiry begins with a consideration of the Sentencing Guidelines. Although previously mandatory, the Guidelines are now advisory in nature, *United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed 2nd 621 (2005). Gall v. United States, 552 U.S. 38, 49 (2007)* states a district court should begin all sentencing proceedings by correctly calculating the applicable Guideline range…. {t}he Guideline should be the starting point and the benchmark."

Therefore, the guidelines effectively {are} advisory …… requiring a sentencing court to consider Guideline ranges …… but permitting the court to tailor the sentence in light of other statutory concerns as well, *United States v. Kuhn, 351 F. Supp. 2nd 696,699, 2005 U.S. Dist. LEXIS 373 at pg. 4. Title 18 U.S.C. section 3553 (a)* directs the sentencing court to impose a sentence which is sufficient, but not greater than necessary, to comply with the purposes of sentencing which are set forth below:

1. The nature and circumstances of the offense and the history and characteristics of the defendant;
2. The need for the sentence imposed-----
   A. To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   B. To afford adequate deterrence to criminal conduct;
   C. To protect the public from further crimes of the defendant, and;
   D. To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

*United States v. Williams, 526 F. 3rd 1312, 1322 (11th Cir. 2008)* reasoned that "the weight to be given section *3553(a)* factors is committed to the sound discretion of the district court." "The district court has wide latitude to weigh the section

*3553(a)* factors in each case and assign some factors greater weight than others in determining an appropriate sentence, *Gall, supra, 552 U.S. 38,51.* Mr. Young is requesting a downward variance from the stipulated guideline calculated herein. A variance allows the district court to impose a sentence outside of the guideline range based upon the court's weighing of the *18 U.S.C. 3553(a)* factors, *United States v. Denny, 653 F.3rd 420 (6th Cir. 2011).* In addition, the sentencing court should consider the language of *Title 18 U.S.C. section 3661* which states, "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." *United States v. Pineda, 755 Fed. Appx. 543, 545-546, 2018 U.S. App. LEXIS 32093, 2018 WLL 5920457* opined, "{w}e generally defer to the special competence of the district court in determining whether family circumstances are so extraordinary as to justify a departure or variance from a Guidelines sentence." *United States v. Banks, 722 F. App'x 505, 511-12(6th Cir. 2018)* which held a sentence was procedurally and substantially reasonable when the district court weighed {defendant's} personal history and characteristics including his criminal history, difficult childhood ……. Commitment to rehabilitation. This sentiment was also expressed in *United States v Collington, 461 F.3rd 805, 807 (6th Cir. 2006)* approving a sentence resulting in a 36% variance below the low end of the

applicable Guidelines range on account of the defendant's personal history, his criminal history, and his age. A downward variance was granted in *United States v. Martin, 2025 U.S. App. LEXIS 16520 at pg. 3* with the court considering mitigating circumstances and reasoned, "to the extent there are mitigating circumstances, which include your youth, history of mental and emotional health issues, and long history of drug abuse," a one-year sentence reduction was imposed. In *United States v. Robinson, 2024 U.S. App. LEXIS 30824 at pg. 2,* both the defense and the Government moved for a downward departure citing {defendant's} limited criminal history, his family responsibilities, his longtime employment, and the nature and circumstances of his offense. The Guideline range was 121-151 months of imprisonment, and the court sentenced him to 97 months of imprisonment followed by two years of supervised release. Similarly, in a situation that the advisory guidelines range was 97 to 121 months with a criminal history category I, the court granted a downward variance of 70 months and considered the defendant's age, depression and psychological evaluations, his expressed remorse, and lack of a criminal history, *United States v. Steward, 418 Fed. Appx. 471,473, 2011 U.S. App. LEXIS 7976 at pg.4.*

This case presents unusual family and personal circumstances for which the requested variance to 151 months is based, considering the psychological evaluation, difficult upbringing, substance abuse addictions and

horrible parenting evident throughout Mr. Young's life. In essence, Mr. Young was groomed to lead a life of crime and trouble. His actions could have been predicted from his unfortunate childhood. He would benefit from vocational training for job readiness and substance abuse/mental health counseling (dual diagnosis), perhaps RDAP. The variance, if granted with substance abuse counseling and vocational training, is respectful of the crimes committed, provides adequate deterrence for his conduct, and takes great lengths to rehabilitate Mr. Young to a productive citizen consistent with *18 U.S.C. section 3553(a)* directives.

Respectfully submitted,

*S/Wesley A. Dumas, Sr.*
Wesley A. Dumas, Sr.
Attorney for Defendant
Ohio Bar. Reg. No. 0009004